## Wm. Leffler and Wife *v.* Emily Mounts' Heirs.

**Joint Tenancy—Entry by Joint Tenant—Presumption.**

The presumption of fact, that where one joint tenant enters upon the premises his entry is for his co-tenants as well as himself, may be rebutted by evidence.

### APPEAL FROM WEBSTER CIRCUIT COURT.

### April 17, 1874.

Opinion by Judge Peters:

This suit was brought by appellants to recover one-half of two hundred acres of land claimed by and in possession of Noble Mounts.

It appears from the evidence that Mrs. Emily W. Mounts and Mrs. Leffler, being sisters, claimed to have inherited 757 acres of land in Webster County, of which the 200 acres now in controversy constitute a part; and that in 1844 Mrs. Mounts, being in Iowa where her sister, Mrs. Leffler, then and now lives, obtained a judgment of divorce from her husband, Providence Mounts, and perhaps in 1846 removed from there to Kentucky, and entered upon and took possession of a part of the 757 acres of land, claiming it so far as her actual possession extended, and continued to occupy it.

44

The heirs of John Steed, the patentee, claimed a tract of 4,215 acres, including the 757 acres claimed by Mrs. Mounts and Mrs. Leffler, who also claimed remotely under John Steed.

Said heirs brought suit against the greater part, if not all of the occupants of the land, who entered claim through George Noble, the grandfather of Mrs. Leffler, and having recovered judgment, they, by their agent or vendee, Dunville, in 1853, with the sheriff and a writ of *habere facias* to Mrs. Mounts to dispossess her, as some witnesses testify, though that is denied; and while there, he, Dunville, agreed with Mrs. Mounts that he would release the claim of Steed's heirs to 200 acres of the land including her improvements, and she was to release to him all her claim to the residue of the tract; and deeds of release were executed by the parties.

It is true, as a general rule, that if one tenant in common, or joint tenants enter, it will be presumed to be for the purpose of acquiring and holding possession for his co-tenants as well as himself. But it is also true that the relation between tenants in common, or even joint tenants, is not such as to estop one co-tenant from acquiring and holding possession severally, and even adversely to another. Gillaspie v. Osburn et al., 3 A. K. Marsh. 77.

It is only a presumption of fact that where one joint tenant enters, he entered to hold for his co-tenant as well as himself. This may be repelled by other evidence; here, all the circumstances conduce to show that Mrs. Mounts entered on a part of the land, and claimed it in severalty. Providence Mounts, in 1842, built a cabin on the land to which Mrs. Mounts removed, in 1846, after her divorce, and claimed it and the surrounding lands as her own; she aided in the defense of the suit brought by Steed's heirs against the tenants in possession; she thus occupied it 13 years before she made the agreement with Dunville for his release to the 200 acres, without molestation or complaint from Mrs. Leffler, and after that she and her vendees continued to hold and occupy it for 16 years longer before this suit was brought.

Besides, it is not certain from the evidence, that Dunville, at the time he released the 200 acres to Mrs. Mounts, could not have evicted her; and she then, if she had ever entered to hold for herself and sister, could lawfully have contracted for her separate parcel of the land.

Appellants, in our opinion, failed satisfactorily to establish their right to any of the land. Wherefore the judgment is affirmed.

*M. C. Givens, for appellants.*

*Bush, D. H. Hughes, for appellees.*